**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALBERT BRYANT and SUSAN BRYANT,**

     **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-1206-Orl-28KRS**

**CITIMORTGAGE,**

     **Defendant.**

_____

# ORDER

This cause is before the Court on the Complaint (Doc. 1), Petition for Restraining Order (Doc. 2), and Petition for Temporary Injunction (Doc. 4). Plaintiffs seek to enjoin a foreclosure sale, and they bring fraud claims related to the underlying loan transaction. Although it is difficult to discern from the filings the precise chain of events that led to the allegedly improper foreclosure of Plaintiffs' mortgage, Plaintiffs clearly seek for this Court to prevent Defendant from selling their property.

Plaintiffs state in their filings that "the foreclosure Plaintiff[s] seek[] protection from involves a non-judicial foreclosure and . . . no state judicial proceedings will be [a]ffected by the relief sought herein." (Doc. 3 at 2). However, publicly available state court filings reveal that a foreclosure action brought by Defendant against Plaintiffs regarding the same property is apparently ongoing in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2009-CA-071877. Thus, in this case Plaintiffs are either asking this federal court to review a judgment of a Florida state court, to interfere with

ongoing state court proceedings, or both. Under these circumstances, this Court must abstain from exercising jurisdiction under the Rooker/Feldman[1] doctrine and the principles espoused in Younger v. Harris, 401 U.S. 37 (1971), and its progeny.

To the extent Plaintiffs ask this Court to review or interfere with a state court judgment, this Court lacks subject matter jurisdiction over this case and it must be dismissed under Rooker/Feldman. See, e.g., Postma v. First Fed. Sav. & Loan of Sioux City, 74 F.3d 160 (8th Cir. 1996); Thompson v. Ameriquest Mortgage Co., No. 03 C 3256, 2003 WL 22012207, at *3 (N.D. Ill. Aug. 21, 2003) ("In essence, Plaintiff's numerous past filings, as well as her present action, all endeavor to remedy one injury—foreclosure on her home. . . . Plaintiff's complaint asks us to draw a different conclusion than that reached by the [state] Circuit Court. As a consequence, we are without subject matter jurisdiction to hear Plaintiff's claims pursuant to the *Rooker-Feldman* Doctrine."); Rene v. Citibank NA, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) ("The claims raised in the plaintiffs' Complaint implicate the propriety of the state judgment of foreclosure and eviction—the very issues apparently decided by the state court. Because the *Rooker-Feldman* doctrine compels a federal court to give full faith and credit to the judgments of state courts, see 28 U.S.C. § 1738, this Court is without subject matter jurisdiction to hear this case.").

Moreover, insofar as Plaintiffs request this Court to interfere with ongoing state court proceedings, this Court must abstain from exercising jurisdiction. In Younger, the Supreme Court set forth a "'strong federal policy against federal-court interference with pending state

---

[1] Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

judicial proceedings.'" Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001) (quoting H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000)).  Where there are ongoing state proceedings that "implicate important state interests" and "provide the plaintiff an adequate opportunity to litigate federal claims," abstention is required under Younger. Id.  These elements are satisfied here, and accordingly this case shall be dismissed.  Id.; see also Fisher v. Fed. Nat'l Mortgage Ass'n, 360 F. Supp. 207 (D. Md. 1973).

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  Because Plaintiffs seek for this Court to interfere with or review state court proceedings, the Court lacks jurisdiction or must abstain from exercising its jurisdiction. Therefore, this case is **DISMISSED**.

2. All pending motions, including Plaintiffs' Petition for Restraining Order (Doc. 2) and Petition for Temporary Injunction (Doc. 4) are **DENIED as moot.**

3.  The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida this 13th day of August, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party